**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01791-PAB

DELBERT SGAGGIO, and ABSOLUTE NATURAL RIGHTS, a nonprofit corporation.,
    Plaintiffs,
v.
PHIL WEISER, in his official capacity as Attorney General for the State of Colorado,
    Defendant.

## DEFENDANT'S MOTION TO DISMISS

In general, state officials cannot be sued in federal court for their official acts unless the *Ex parte Young* exception to the Eleventh Amendment applies. That exception applies only to officials who have some connection with the enforcement of the law in question. But the law at issue here is a general criminal prohibition, which is enforced by the state's District Attorneys, not the Attorney General. The Attorney General therefore enjoys immunity under the Eleventh Amendment and the complaint should be dismissed.

## BACKGROUND

Plaintiffs Delbert Sgaggio and his nonprofit corporation, Absolute Natural Rights, sue Attorney General Phil Weiser, in his official capacity, seeking injunctive relief. Compl. (Doc. 1) at 22, 24. Specifically, Plaintiffs seek to enjoin the Attorney General from enforcing § 18-12-302, C.R.S. (2022), Colorado's ban on Large Capacity Magazines ("LCM Ban"). Compl. (Doc. 1) at 27. The Complaint was filed against "Phil Weiser, Attorney General," and alleges that the Attorney General "supported" the LCM Ban upon its passage in 2013. *Id.* at 1, 10. The Complaint neither alleges that the Attorney General is vested with authority to enforce the LCM Ban, nor does it allege a demonstrated willingness on behalf of the Attorney General to do so.

The LCM Ban appears in Title 18 of the Colorado Revised Statutes, the Colorado Criminal Code. § 18-1-101(1). Primary responsibility for enforcing the Code, including "all indictments, actions, and proceedings" in district courts "wherein the state or the people thereof . . . may be a party," lies with Colorado's district attorneys. § 20-1-102(1)(a). The Attorney General is specifically vested with prosecutorial authority over some discrete statutes and subjects. *See, e.g.*, § 24-31-802 (vesting Attorney General with authority to "investigate and prosecute fraud . . . committed by Medicaid providers"). But no such authority exists as to the LCM Ban.

Plaintiffs proceed Pro se, and their sole request for relief is that the Court "grant [their] motion for a preliminary injunction." Compl. (Doc. 1) at 27.

## LEGAL STANDARD

The Attorney General moves to dismiss the complaint against him under Fed. R. Civ. P. 12(b)(1), on the grounds that he is immune from suit under the Eleventh Amendment and because Plaintiffs lack standing to challenge the LCM Ban.

"[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court[.]" *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Accordingly, "such immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558–59 (10th Cir. 2000).

A Rule 12(b)(1) motion may take the form of either a facial or a factual attack. Because the Attorney General here is making a facial attack on the complaint, the Court should accept the well-pleaded factual allegations of the complaint as true. *See Peterson v. Martinez*, 707 F.3d

2

1197, 1205 (10th Cir. 2013). However, the Court should not "accept as true a legal conclusion couched as a factual allegation." *Id.* at 1206 (quotations omitted).

The Attorney General also challenges Plaintiffs' standing to bring this claim. Among other things, standing requires plaintiffs to "have suffered a concrete and particularized injury." *Hollingsworth v. Perry*, 570 U.S. 693, 700 (2013). The party invoking the federal court's jurisdiction—here, Plaintiffs—bear the burden of establishing standing. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) ("*SBA List*") (quotations omitted).

In narrow cases, a plaintiff who fears enforcement of a challenged regulation may seek pre-enforcement review. *SBA List*, 573 U.S. at 158–59. But "the mere presence on the statute books of an unconstitutional statute, in the absence of enforcement or credible threat of enforcement, does not entitle anyone to sue." *Mink v. Suthers*, 482 F.3d 1244, 1252 (10th Cir. 2007). To preserve the concrete harm requirement, pre-enforcement cases are limited to those where enforcement is "certainly impending, or there is a substantial risk that the harm will occur." *SBA List*, 573 U.S. at 158 (quotations omitted).

Plaintiffs bear the burden of establishing subject matter jurisdiction, because they are "the party asserting the jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

## ARGUMENT

I.     **The Attorney General is immune under the Eleventh Amendment.**

Because Plaintiffs sued the Attorney General in his official capacity, he is immune from suit under the Eleventh Amendment unless the *Ex parte Young* exception applies. *See Hendrickson v. AFSCME Council 18,* 992 F.3d 950, 965 (10th Cir. 2021). The exception does

3

not apply because the statutory duty to enforce the LCM Ban is entrusted to Colorado's district attorneys, not the Attorney General. Therefore, Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction" in this case. *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558–59 (10th Cir. 2000).

The Eleventh Amendment "prohibits suits in federal court against a state by its own citizens or by citizens of another state." *Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 631 (10th Cir. 1988). This sovereign immunity "extends to 'suit[s] against a state official in his or her official capacity' because such suits are 'no different from a suit against the State itself.'" *Hendrickson*, 992 F.3d at 965 (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

The *Ex parte Young* doctrine creates an exception to the general rule of Eleventh Amendment immunity. *See Ex parte Young*, 209 U.S. 123 (1908). Under that exception, "a plaintiff may sue individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks only prospective relief." *Hendrickson*, 992 F.3d at 965.

"To satisfy this exception, the named state official 'must have some connection with the enforcement' of the challenged statute." *Id.* (quoting *Ex parte Young*, 209 U.S. at 157). Without a connection, the lawsuit "is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157. This requirement means the official must "have a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Hendrickson*, 992 F.3d at 965. (quotations omitted). The required duty "must be more than a mere general duty to enforce the law." *Id.*

4

(quoting 13 Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 3524.3 (3d ed., Oct. 2020 update)).

The LCM ban appears in Colorado's Criminal Code, at § 18-12-302. Primary authority for enforcement of the Code lies with the state's district attorneys. § 20-1-102(a)(1); *see also People ex rel. Tooley v. Dist. Ct. in & For Second Judicial Dist.*, 549 P.2d 774, 777 (Colo. 1976) ("The Colorado Constitution and the statutory commands of the general assembly grant the bulk of prosecutorial powers and duties to the district attorneys of the several judicial districts.").

The Attorney General's prosecutorial authority, if any, must come directly from the Colorado General Assembly. *Tooley*, 549 P.2d at 777 ("[T]he attorney general does not have powers beyond those granted by the general assembly."). In certain, limited, cases, the General Assembly has specifically vested the Attorney General with authority to enforce a criminal statute. For example, the Attorney General, through the Department of Law, "shall investigate and prosecute fraud, misuse, waste, and abuse committed by Medicaid providers." § 24-31-802. When the General Assembly wants to vest the Attorney General with particular authority and duty to enforce a criminal law, it knows how to do so. But no such grant was extended to prosecutions arising under the LCM Ban. Rather, that authority was prescribed solely to the district attorneys.

Nor is the Attorney General's general duty to enforce state laws "when required to do so by the governor" sufficient to fall within the *Ex parte Young* exception. *See* § 24-31-101(1)(b). A connection to the challenged statute stemming from an official's "general enforcement power . . . does not suffice for *Ex parte Young*." *Hendrickson*, 992 F.3d at 967. "Merely because 'an attorney general has a duty to prosecute all actions in which the state is interested is not enough

to make him a proper defendant in every such action.'" *Chamber of Commerce of U.S. v. Edmonson*, 594 F.3d 742, 760 (10th Cir. 2010) (quoting *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979)).

"[W]hen a state law explicitly empowers one set of officials to enforce its terms, a plaintiff cannot sue a different official absent some evidence that the defendant is connected to the enforcement of the challenged law." *Peterson v. Martinez*, 707 F.3d 1197, 1207 (10th Cir. 2013). The Attorney General does not have a "particular duty" proscribed in law by the General Assembly to enforce the LCM ban. Rather the legislature vested this authority in the district attorneys. He is therefore immune from suit under the Eleventh Amendment, and dismissal is appropriate.

**II.     Plaintiffs lack standing to challenge the LCM Ban.**

In 2016, the Tenth Circuit assessed the standing inquiry as applied to the same statute Plaintiffs challenge here: § 18-12-302, the LCM Ban. *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 549 (2016). It held that the test for whether a plaintiff has standing to challenge the LCM Ban requires a plaintiff to plead (and ultimately prove): (1) that he possessed an LCM acquired after July 1, 2013; intended to acquire an LCM after July 1, 2013; or intended to transfer or sell an LCM after July 1, 2013; and (2) faced a credible threat of prosecution as a result." *Id.* at 550.

Plaintiffs fail to satisfy the first part of that test. Nowhere in Plaintiffs' complaint do they indicate possession of an LCM acquired after July 1, 2013, an intent to possess an LCM acquired after July 1, 2013, or an intention to transfer or sell an LCM after July 1, 2013. The closest plaintiffs come is the statement that restricting their "self-defense capability to 15 rounds is

6

literally a death sentence." Compl.(Doc. 1) at 27. This falls well short of the "concrete plans to engage in conduct [having] any potential to violate § 18-12-302" necessary to establish standing. *Colo. Outfitters Ass'n*, 823 F.3d at 551.

Because Plaintiffs proceed pro se, it is appropriate to construe their pleadings liberally. *See, e.g.*, *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). "At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* Where a pro se plaintiff's pleadings do not demonstrate standing, dismissal is appropriate. *See, e.g.*, *Celauro v. Fed. Express Ground*, 548 F. Supp. 3d 1084, 1041 (D. Colo. 2021); *Hale v. Ashcroft*, 683 F. Supp. 2d 1189, 1200 (D. Colo. 2009) (*recommendation of United States Magistrate Judge* adopted on other grounds). *See also Hall*, 935 F.3d at 1110 ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim[.] . . . This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury[.]"). And where a pro se plaintiff's factual allegations are "close" to satisfying the relevant legal standard, the appropriate course of action is to allow the plaintiff to amend his complaint. *Id.* Not proceed with the case on an uncertain jurisdictional foundation.

Plaintiffs plainly do not satisfy the standing inquiry laid down in *Colorado Outfitters Association*. This particular complaint should be dismissed without prejudice.

## CONCLUSION

The Complaint should be dismissed.

Dated: August 12, 2022    PHILIP J. WEISER
Attorney General

s/ Peter G. Baumann

*Peter G. Baumann*, Assistant Attorney General
1300 Broadway, Denver, CO 80203
Telephone: (720) 508-6152
Email: peter.baumann@coag.gov
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 12, 2022, I served a true and complete copy of the foregoing **DEFENDANT'S MOTION TO DISMISS** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or email, addressed as follows:

Delbert Sgaggio
overclock420@hotmail.com

*Plaintiff*

                    *s/* Peter G. Baumann
                    *Peter G. Baumann*