IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01791-PAB

DELBERT SGAGGIO, and
ABSOLUTE NATURAL RIGHTS,

    Plaintiffs,

v.

PHIL WEISER, Colorado Attorney General,
ALEXIS FALCON,
P.L. FARMER, and
CITY OF COLORADO SPRINGS,

    Defendants.

---

**ORDER**

---

This matter is before the Court on plaintiffs' Motion for Preliminary Injunction [Docket No. 2], which is directed only to defendant Phil Weiser, Attorney General of Colorado (the "Attorney General"). The Attorney General responded, Docket No. 10, and plaintiffs replied. Docket No. 12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.[1]

---

[1] The Court construes a *pro se* plaintiff's filings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but does not act as an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). According to the amended complaint, plaintiff Absolute Natural Rights ("ANR") is a "nonprofit corporation." *See* Docket No. 13 at 5. However, a corporation may not appear *pro se*. *Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."); D.C.COLO.LAttyR 5(b). Although plaintiffs' motion does not mention ANR, *see generally* Docket No. 2, Mr. Sgaggio states in the reply that he is "responding for" ANR, yet he admits that he is "not a bar attorney." Docket No. 12 at 1. Mr. Sgaggio may not appear on behalf of ANR, and future pleadings filed on behalf of ANR without counsel will be stricken.

## I. BACKGROUND

Plaintiff Delbert Sgaggio, a Colorado citizen, challenges the constitutionality of Colorado's large-capacity magazine ban, Colo. Rev. Stat. § 18-12-302 (the "LCM Ban"). Mr. Sgaggio asserts that the LCM Ban violates the Second Amendment to the United States Constitution in light of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Docket No. 13 at 11; Docket No. 2 at 4. In his amended complaint, he also insists that the LCM Ban violates his First Amendment rights because he has a "sincerely held spiritual belief" in the "right to self-defense" and to defend "those who practice spirituality with [him]." Docket No. 13 at 6–8. Mr. Sgaggio further states that it is his "sincerely held spiritual belief that firearms are necessary for this, and that any type of magazine restrictions, [sic] would put [him] at a tactical disadvantage and violate [his] fundamental right to self-defense." *Id.* at 8. Mr. Sgaggio does not mention his religious or spiritual beliefs in his preliminary injunction motion. *See generally* Docket No. 2.

## II. LEGAL STANDARD

A preliminary injunction is not meant to "remedy past harm but to protect plaintiffs from irreparable injury that will surely result without [its] issuance" and "preserve the relative positions of the parties until a trial on the merits can be held." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258, 1267 (10th Cir. 2005); *see also Hale v. Ashcroft*, 683 F. Supp. 2d 1189, 1197 (D. Colo. 2009) ("injunctive relief can only be obtained for current or prospective injury and cannot be conditioned on a past injury that has already been remedied"). "[C]ourts generally will refuse to grant injunctive relief unless plaintiff demonstrates that there is no adequate legal remedy." Charles Alan Wright, et al., 11A *Fed. Prac. & Proc. Civ.* § 2944 (4th ed. 2020).

To obtain a preliminary injunction, a plaintiff must demonstrate four factors by a preponderance of the evidence: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

There are three types of preliminary injunctions that are disfavored: (1) injunctions that disturb the status quo, (2) injunctions that are mandatory rather than prohibitory, and (3) injunctions that provide the movant substantially all the relief it could feasibly attain after a full trial on the merits.  *See Schrier*, 427 F.3d at 1260.  In seeking a disfavored injunction, "the movant must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms."  *Fish v. Kobach*, 840 F.3d 710, 724 (10th Cir. 2016) (quotations and alterations omitted); *see also Schrier*, 427 F.3d at 1259 (stating that such injunctions "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course"  (quotations omitted)).

For two reasons Mr. Sgaggio's preliminary injunction is disfavored and therefore falls under the heightened standard.  *See id.*  First, enjoining enforcement of the LCM Ban would disturb the status quo by preventing Colorado from enforcing the law. Second, the prayer for relief in plaintiffs' complaint asks the Court, in part, to "grant [plaintiff's] motion for a preliminary injunction."  Docket No. 13 at 26.  Thus, as to the Attorney General, Mr. Sgaggio seeks exactly the same relief in his amended complaint

as in his motion.  He therefore bears "a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: [he] must make a strong showing that these tilt in [his] favor."  See *Free the Nipple v. City of Ft. Collins*, 916 F.3d 792, 797 (10th Cir. 2019) (citing *Fish*, 840 F.3d at 723).

## III.  ANALYSIS

The Attorney General argues that Mr. Sgaggio is not substantially likely to succeed on the merits because (1) the Attorney General is entitled to sovereign immunity under the Eleventh Amendment, (2) Mr. Sgaggio does not have standing to bring this lawsuit, and, (3) even if the Court had jurisdiction, Mr. Sgaggio has not shown a violation of the First or Second Amendments.  *See generally* Docket No. 10.  Because the Attorney General's first and second challenges concern the Court's subject matter jurisdiction, the Court will analyze them first.  See *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000) (holding that "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States"); *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state."); *Colo. Env't. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004) (standing is jurisdictional); *see also Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980) (noting that a court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action, in every case and at every stage of the proceeding); *Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (holding that, absent an assurance that jurisdiction exists, a court may not proceed in a case).

The Eleventh Amendment provides that "[t]he Judicial power of the United States

shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has construed the Eleventh Amendment to prohibit federal courts from entertaining suits against states brought by their own citizens or citizens of another state without the consent of the state being sued. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). State entities, agencies, and officials sued in their official capacities are immune because they are "an arm of the State," *Mt. Healthy City Sch. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977), and a suit against such officials are "no different from a suit against the State itself." *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Because Mr. Sgaggio sued the Attorney General in his official capacity, the Attorney General is immune from suit under the Eleventh Amendment unless an exception to sovereign immunity applies. *See Feeney*, 495 U.S. at 304 (noting that Eleventh Amendment immunity "is not absolute"). Mr. Sgaggio identifies no exception. The Attorney General, however, argues that the only possible exception is under *Ex parte Young*, but contends that exception does not apply. Docket No. 10 at 3.

Under *Ex parte Young*, 209 U.S. 123, 159–60 (1908), "a plaintiff may sue individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks only prospective relief." *Hendrickson*, 992 F.3d at 965 (citing *Ex parte Young*, 209 U.S. at 159–60; *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). However, "[t]o satisfy this exception, the named state official 'must have some connection with the enforcement' of

the challenged statute." *Id.* (quoting *Ex parte Young*, 209 U.S. at 157).  That is, the official must have "the right and the power to enforce" the "act alleged to be unconstitutional."  *Ex parte Young*, 209 U.S. at 157; *see also Kitchen v. Herbert*, 755 F.3d 1193, 1201 (10th Cir. 2014).  "Otherwise, the suit is 'merely making [the official] a party as a representative of the state' and therefore impermissibly 'attempting to make the state a party.'"  *Hendrickson*, 992 F.3d at 965 (quoting *Ex parte Young*, 209 U.S. at 157).

As relevant to the preliminary injunction motion, the amended complaint alleges an ongoing violation of the First and Second Amendments.  *See generally* Docket No. 13.  Mr. Sgaggio seeks prospective relief in the form of an injunction against the LCM Ban.  *Id.*  If the Court's *Ex parte Young* analysis stopped there, the Attorney General would not have Eleventh Amendment immunity.  The analysis, however, continues because the Attorney General argues that he does not enforce the LCM Ban and, therefore, that *Ex parte Young* immunizes him.  Docket No. 10 at 4–5.  According to the Attorney General, primary enforcement of the Colorado Criminal Code, where the LCM Ban is codified, "lies with the state's District Attorneys," not the Attorney General.  *Id.* at 4.

The Attorney General relies on *People ex rel. Tooley v. Dist. Ct.*, 549 P.2d 774 (1976).  In that case, the Colorado Supreme Court interpreted Colo. Rev. Stat. § 24-31-101, which "defines the powers and duties of the attorney general."  *Tooley*, 549 P.2d at 488.  That section states, in part, that the Attorney General "[s]hall appear for the state and prosecute and defend all actions and proceedings, civil and criminal, in which the state is a party or is interested when required to do so by the governor."  Colo. Rev. Stat. § 24-31-101(1)(b).  *Tooley* explained that, under § 24-31-101, the Attorney General

6

may "prosecute cases on behalf of the state *when required to do so by the governor*." *Tooley*, 549 P.2d at 776 (emphasis added).  The court held that § 24-31-101 "is the [e]xclusive source of the attorney general's powers and that in the absence of a command from the governor or the general assembly, the attorney general is not authorized to prosecute criminal actions." *Id.*  *Tooley* made clear that "the attorney general does not have powers beyond those granted by the general assembly" through § 24-31-101, *id.* at 777, and that "[t]he Colorado Constitution and the statutory commands of the general assembly grant the bulk of prosecutorial powers and duties to the district attorneys of the several judicial districts."  *Id.*

The Attorney General argues that the General Assembly has not granted his office any authority to enforce the LCM Ban.  Docket No. 10 at 5.  The Court agrees.  There is no indication in the LCM Ban, or anywhere else in part 3 of article 12 of title 18 that the General Assembly or Governor have given the Attorney General any authority to enforce the LCM Ban.  Although Mr. Sgaggio states that he is "not suing for money," but is instead "asking for injunctive relief," Docket No. 12 at 5, which is relevant to the initial *Ex parte Young* analysis, he does not argue in his reply that the General Assembly or Governor have granted the Attorney General authority to enforce the LCM Ban.  *See generally id.*  Instead, Mr. Sgaggio provides a screenshot of what he represents is the Attorney General's website, which website states that the Colorado Department of Law "is focused on [u]pholding the United States and Colorado Constitutions."  *Id.* at 2–3.  Mr. Sgaggio asserts that, by "trying to protect" the LCM Ban, the Attorney General "has no intention" of upholding the United States or Colorado Constitutions.  *Id.*

Mr. Sgaggio's argument is unavailing.  Even if the Attorney General were involved in enforcement of the LCM Ban, which Mr. Sgaggio has not shown that he is,

7

the Attorney General's website reflects a general duty to enforce the law.  But a general duty to enforce the law is insufficient for *Ex parte Young*, as the Tenth Circuit has made clear that the state official must "have a particular duty to 'enforce' the statute in question and a demonstrated willingness to exercise that duty."  *Hendrickson*, 992 F.3d at 965 (quoting *Ex parte Young*, 209 U.S. at 157, and citing 13 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3524.3 (3d ed., Oct. 2020 update) ("[T]he duty must be more than a mere general duty to enforce the law.")).  Accordingly, the Attorney General is immune from suit, and *Ex parte Young* does not apply.

Because the Attorney General is immune from suit, Mr. Sgaggio has failed to show a likelihood of success on the merits of his claims against the Attorney General and has therefore failed to show that he is clearly and unequivocally entitled to the extraordinary remedy of a disfavored preliminary injunction against the Attorney General for the enforcement of the LCM Ban.  *See Beltronics*, 562 F.3d at 1070 ("[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."); *cf. Dalkita, Inc. v. Distilling Craft, LLC*, 356 F. Supp. 3d 1125, 1140–41 (D. Colo. 2018) (denying preliminary injunction where movants failed to show likelihood of success on the merits without considering remaining preliminary injunction factors) (citing *Beltronics*, 562 F.3d at 1070).  The Court will therefore deny Mr. Sgaggio's motion without addressing the remaining preliminary injunction factors.  *See Vill. of Logan v. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014) (unpublished) (noting that party's "failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted"); *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013) (unpublished) (stating that "[a] party seeking a preliminary

injunction must prove that all four of the equitable factors weigh in its favor").[2]

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion for Preliminary Injunction [Docket No. 2] is **DENIED**. It is further

**ORDERED** that the Motion for Additional Pages Preliminary Injunction [Docket No. 3] is **GRANTED**.

DATED August 26, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[2] The Court concludes that it can appropriately resolve the present motion without a hearing.  See *Zeller v. Ventures Tr. 2013-I-NH*, No. 15-cv-01077-PAB-NYW, 2015 WL 4720313, at *5 n.2 (D. Colo. Aug. 10, 2015) (denying preliminary injunction motion without a hearing) (citing *Prosper, Inc. v. Innovative Software Techs*, 188 F. App'x 703, 706 (10th Cir. 2006) (unpublished) (holding that district court did not abuse its discretion in failing to hold a hearing on motion for preliminary injunction); *Reynolds & Reynolds Co. v. Eaves*, 1998 WL 339465, at *3 (10th Cir. June 10, 1998) (table decision) (rejecting argument that court was required to hold evidentiary hearing on motion for preliminary injunction)); *see also* D.C.COLO.LCivR 7.1(h); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").